UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPENCER MITCHELL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00962 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Movant Spencer Mitchell's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1].

**I.      BACKGROUND AND PROCEDURAL HISTORY**

On July 1, 2008, Movant Spencer Mitchell ("Movant") was sentenced by this Court to 121 months in prison after pleading guilty to one count of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and to one count of possession with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 841(a)(1). Movant's plea agreement provided that Movant waived his right to appeal his sentence, except on the bases of prosecutorial misconduct and ineffective assistance of counsel.

On June 30, 2009, Movant filed this *pro se* Motion asking the Court to restore his appellate rights, alleging that he received ineffective assistance of counsel because his attorney failed to file an appeal although Movant made a "direct and unambiguous request" that he do so.

Movant also claims that his counsel provided ineffective assistance at sentencing by neglecting to notify this Court of his eligibility for a twenty-month credit for time served.[1]

## II. STANDARD OF REVIEW

A federal prisoner who seeks relief from a sentence under 28 U.S.C. § 2255 on grounds that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). To obtain relief under § 2255, the movant must establish a violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (quoting *United States v. Boone*, 869 F.2d 1089, 1091 n.4 (8th Cir. 1989)).

Claims brought under § 2255 may also be limited by procedural default. A movant "cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (citing *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992)). Furthermore, even constitutional or jurisdictional claims not raised on direct appeal cannot be raised in a § 2255 motion unless the movant can establish "(1) cause for the default and actual prejudice or (2) actual innocence." *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 621 (1998)).

---

[1] Movant raised this argument not in his initial Motion, but in his Supplemental Memorandum of Law in Support of [His] Petition for Relief pursuant to 28 U.S.C. § 2255 [doc. #4]. The Court addresses any significance that might have in its discussion of the merits of the claim in Section III.A.

2

Ineffective assistance of counsel claims, however, generally may be raised for the first time in a § 2255 motion regardless of whether they could have been raised on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). This exception to the general procedural default rule exists to prevent movants from being forced "to raise the issue before there has been an opportunity to fully develop the factual predicate for the claim." *Id.* Furthermore, a movant's attorney may serve as counsel both at the trial and appellate levels of the case, and it is unlikely that the attorney would assert his own ineffective assistance on appeal. *See United States v. Rashad*, 331 F.3d 908, 911 (D.C. Cir. 2003). As such, proof of ineffective assistance of counsel satisfies the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion, except in "unusual circumstances." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996).

If a movant is not procedurally barred from making a § 2255 motion, the Court must hold an evidentiary hearing to consider the claims made therein "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994). Thus, a movant is entitled to an evidentiary hearing so long as "the facts alleged, if true, would entitle [the movant] to relief." *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996) (quoting *Wade v. Armontrout*, 798 F.2d 304, 306 (8th Cir. 1986)). A court may dismiss a claim without an evidentiary hearing, in contrast, "if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." *Shaw*, 24 F.3d at 1043 (citing *Larson v. United States*, 905 F.2d 218, 220-21 (8th Cir. 1990)).

## III. DISCUSSION

As a preliminary matter, the Court finds that Movant is procedurally able to bring this Motion. The Government has not raised any "unusual circumstances" that warrant a departure from the general rule that a claim of ineffective assistance of counsel satisfies the cause for default and actual prejudice requirements necessary to raise a constitutional issue for the first time in a § 2255 motion. *See Apfel*, 97 F.3d at 1076. The Court therefore turns to the substance of Movant's arguments that he received ineffective assistance in violation of his Sixth Amendment right to counsel.

### A. *Failure to Notify the Court of Eligibility for Credit for Time Served*[2]

Establishing ineffective assistance of counsel is a "heavy burden." *See Apfel*, 97 F.3d at 1076. In the context of a guilty plea, Movant must show (1) "that counsel's representation fell below an objective standard of reasonableness"; and (2) that he was prejudiced by counsel's deficient performance – that is, "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Gumangan v. United States*, 254 F.3d 701, 705 (8th Cir. 2001) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (internal quotations omitted)); *see also Strickland v. Washington*, 466 U.S. 668, 687 (1984). "In determining whether counsel's conduct was objectively reasonable, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional

---

[2] Movant did not raise this issue until he filed his Supplemental Memorandum on August 6, 2009, more than one year after sentencing and therefore outside the limitations period of 28 U.S.C. § 2255(f) – assuming that the filing of that Memorandum would not relate back to the date on which Movant filed the pending Motion. The Government does not contend that this claim is time-barred, however, and the Court is under no obligation to apply the statute *sua sponte* because § 2255(f) is a limitations period and not a jurisdictional bar. *See Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 205 (2006) (court need not raise time bar *sua sponte* in context of petition under 28 U.S.C. § 2254).

assistance." *Nguyen v. United States*, 114 F.3d 699, 704 (8th Cir. 1997) (citing *Strickland*, 466 U.S. at 689) (internal quotations omitted). Both prongs of the test must be satisfied for the claim to succeed; if a movant fails to make a sufficient showing under one prong, the court need not consider the other. *See Strickland*, 466 U.S. at 697.

Movant cannot demonstrate that he was prejudiced by this alleged error because district courts do not have the authority to grant credit for time served; that authority lies with the Attorney General, as exercised through the Bureau of Prisons. *See United States v. Wilson*, 503 U.S. 329, 333 (1992). Thus, counsel's failure to raise Movant's eligibility for such a credit at sentencing did not impair Movant's ability to receive the credit, and if counsel had raised the issue, the Court would have been powerless to do anything with that information. Furthermore, Movant does not assert, and there is therefore no reason to believe, that this issue affected his decision to plead guilty.

The Court therefore concludes that Movant is not entitled to an evidentiary hearing on this claim because it is clear from the record that he was not prejudiced by his counsel's failure to notify the Court at sentencing that he was eligible for credit for time served.

### B. *Failure to File an Appeal*

Movant next contends that his attorney provided ineffective assistance of counsel by failing to file an appeal after Movant expressly directed him to do so. The Government argues, based on an affidavit from Movant's counsel, that Movant never made any such request, or in the alternative, that Movant is not entitled to an evidentiary hearing on this issue because an allegation that counsel failed to file an appeal at his client's direction does not preclude the Court from concluding that the contention is baseless.

5

In *Roe v. Flores-Ortega*, the Supreme Court held that the *Strickland* two-prong test for evaluating ineffective assistance of counsel claims provides the appropriate framework for determining whether counsel's failure to file a notice of appeal violates a criminal defendant's Sixth Amendment right to counsel. 528 U.S. 470, 477 (2000). Under the first prong, requiring the defendant to show that counsel's representation was below the standard of objectively reasonable professional performance, counsel's assistance is unconstitutionally deficient where she fails to consult with the defendant about an appeal and there is reason to believe either "(1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. The second prong of the *Strickland* test, requiring actual prejudice, is presumptively satisfied where counsel fails to file an appeal in spite of express instructions from the defendant to do so, and this is true irrespective of whether the defendant has legitimate grounds for an appeal.[3] *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) (citing *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)); *see also Flores-Ortega*, 528 U.S. at 485-86; *cf. Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit.") (internal citation omitted).

The Eighth Circuit has held that this presumption of prejudice is equally applicable where the movant has waived his appellate rights in a plea agreement. *Watson*, 493 F.3d at 964. In *Watson*, the court noted that numerous other circuits have taken this position, and that it is "most

---

[3] If the defendant did not expressly request that counsel file an appeal, prejudice is determined based on whether "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484.

6

consistent with the Supreme Court's holding in *Flores-Ortega* that a defendant is prejudiced by the forfeiture of an appeal regardless of its apparent merit." *Id.*; *see also Nunez v. United States*, 546 F.3d 450, 453 (7th Cir. 2008) (recognizing that seven circuit courts of appeals have reached this conclusion). Thus, the *Watson* court concluded that because the movant alleged that he had made a specific request of his counsel to file an appeal, he was entitled to an evidentiary hearing because the record could not "affirmatively refute" the movant's factual assertions about conversations with counsel outside of the courtroom. *Id.*; *see also Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994) (§ 2255 may only be denied without an evidentiary hearing where it "is inadequate on its face or if the record affirmatively refutes the factual assertions on which it is based").

Although there is a substantial question in this case as to whether Movant has any viable grounds for an appeal,[4] the Court concludes that *Watson* mandates an evidentiary hearing concerning whether Movant instructed his counsel to file a notice of appeal. *See Watson*, 493 F.3d at 964 ("The 'limited perspective of collateral review' is not the appropriate vantage point from which to assess whether [the movant] might have any meritorious issues that can be raised on appeal in spite of his waiver.") (internal citations omitted). The Government asserts that he did not, based on an affidavit from his plea counsel stating that he has no recollection of such a

---

[4] Movant agreed to plead guilty following the denial of certain motions to suppress, and Movant's counsel, in an affidavit supplied by the Government, asserts that Movant intially sought to have him negotiate a plea agreement under which Movant would enter a conditional guilty plea and retain the ability to appeal those rulings. Movant's counsel states that the Government would not agree to that arrangement, however, and Movant therefore decided to accept the plea agreement providing that he would enter an unconditional guilty plea and waive his right to appeal matters other than ineffective assistance of counsel and prosecutorial misconduct. It certainly appears to the Court that Movant seeks to have his appellate rights restored so that he can appeal the rulings on his motions to suppress, perhaps not recognizing that even if the waiver in the plea agreement is for some reason unenforceable, an unconditional guilty plea also acts as a waiver of the right to appeal such matters. *See United States v. Smith*, 422 F.3d 715, 724 (8th Cir. 2005).

request, and Movant states that he did. Because, as in *Watson*, the record does not – and likely could not – conclusively refute Movant's claim that he directed counsel to file an appeal, the Court must make a credibility determination in order to resolve Movant's Motion, and the only means of doing so is to hold an evidentiary hearing. *See id.* ("Although the district court was not required to credit [the movant's] assertion [that he asked his attorney to file an appeal], it was required to hold a hearing before making factual determinations about [the movant's] credibility.") (internal citations omitted); *see also, e.g.*, *United States v. Harger*, 2009 WL 3833994, at *1 (5th Cir. 2009) ("The court clearly erred when it found that [the movant] provided no evidence that he instructed his attorney to file an appeal because, in the § 2255 motion, [the movant] declared under penalty of perjury that he explicitly instructed his lawyer to do so.").[5]

---

[5] The Court finds it problematic that *Flores-Ortega* and *Watson* seem to mandate that a § 2255 movant who claims that he asked his attorney to file an appeal, where none was ultimately filed, is *per se* entitled to an evidentiary hearing on that issue without any minimal showing of a legitimate basis for the appeal, but the Court cannot avoid arriving at that conclusion from its reading of those cases. The Seventh Circuit is the only circuit to reach a different result, concluding that there is no viable ineffective assistance claim where counsel declines to file an appeal in the face of a valid, enforceable waiver of appellate rights, regardless of what the defendant requests. *Nunez v. United States*, 495 F.3d 544, 547 (7th Cir. 2007) (finding that *Flores-Ortega* does not demand that an attorney act as "the client's puppet" and file frivolous appeals). There, the court affirmed the district court's denial of the § 2255 motion alleging ineffective assistance of counsel, *id.* at 548-49, but the Supreme Court summarily vacated the judgment because the Government later conceded that the argument the movant sought to make on appeal was outside the scope of the waiver in the plea agreement. 128 S. Ct. 2990 (2008). On remand, the Seventh Circuit noted that seven other circuits, including the Eighth in *Watson*, have concluded that a waiver of appellate rights does not affect counsel's duty to file an appeal at his client's request, yet it re-affirmed its initial conclusion that the district court was correct in denying the § 2255 motion without an evidentiary hearing because counsel was under no obligation to file a frivolous appeal. 546 F.3d 450, 453 (7th Cir. 2008).

The Court therefore concludes that Movant is entitled to an evidentiary hearing on his failure-to-appeal claim of ineffective assistance of counsel – a hearing that will be limited to determining whether Movant did in fact instruct his attorney to file a notice of appeal.

## IV.  CONCLUSION

Movant's claim of ineffective assistance of counsel, based on counsel's failure to notify the Court of his eligibility for credit for time served, will be denied.  It is clear from the record that Movant will not be able to demonstrate that he was prejudiced because the Court has no authority to grant credit for time served, and it is therefore unnecessary to hold an evidentiary hearing on this claim.

The Court does find, however, that Movant is entitled to an evidentiary hearing on his claim that his plea counsel provided ineffective assistance by failing to follow his "direct and unambiguous" instruction to file a notice of appeal.  The failure to file an appeal in the face of an express request constitutes objectively unreasonable assistance under *Strickland*, and gives rise to a presumption of prejudice regardless of the merits of the appeal.  Movant asserts that he did make such a request, an assertion not clearly refuted by the record, and an evidentiary hearing is therefore necessary in order for the Court to determine whether Movant is entitled to relief.

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED** with respect to his claim that his counsel rendered ineffective assistance by failing to notify the Court at sentencing of his eligibility for credit for time served.

**IT IS FURTHER ORDERED** that the Court shall conduct an evidentiary hearing concerning Movant's claim of ineffective assistance of counsel based on his counsel's failure to

file an appeal in view of Movant's alleged express request that he do so. The hearing shall be held before this Court on **June 10, 2010** at **1:00 P.M.**, and it will be limited to determining whether Movant instructed his attorney to file a notice of appeal.

**IT IS FURTHER ORDERED** that the presence and participation of Movant Spencer Mitchell, Inmate No. 33437-044, is required for the evidentiary hearing. The U.S. Marshal Service shall transport Movant from the U.S. Penitentiary in **Marion, Illinois** to the U.S. District Court in **St. Louis, Missouri** in advance of the hearing to be held on **June 10, 2010** at **1:00 P.M.**

Dated this 13th day of April, 2010.

                                                      E. RICHARD WEBBER
                                                    UNITED STATES DISTRICT JUDGE