UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SPENCER MITCHELL, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:09CV00962 ERW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter comes before the Court following an evidentiary hearing held on June 25, 2010 on Movant Spencer Mitchell's ("Movant") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1]. In its Memorandum and Order dated April 13, 2010 [doc. #10], the Court denied Movant's claims for relief in his Motion, with the exception of his ineffective assistance of counsel claim related to counsel's alleged failure to follow Movant's instruction that he file a notice of appeal following Movant's sentencing. With respect to that claim, the Court found that an evidentiary hearing was necessary to determine whether Movant did, in fact, instruct his attorney to file a notice of appeal.

In *Roe v. Flores-Ortega*, the Supreme Court held that *Strickland*'s two-prong test for evaluating ineffective assistance of counsel claims provides the appropriate framework for determining whether counsel's failure to file a notice of appeal violates a criminal defendant's Sixth Amendment right to counsel. 528 U.S. 470, 477 (2000). Under the first prong, requiring the defendant to show that counsel's representation was below the standard of objectively reasonable professional performance, counsel's performance is unconstitutionally deficient where he fails to consult with the defendant about an appeal and there is reason to believe either "(1)

that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. The second prong of the *Strickland* test, requiring actual prejudice, is presumptively satisfied where counsel fails to file an appeal although the defendant has specifically directed him to do so, and this is true irrespective of whether the defendant has legitimate grounds for his appeal.[1] *Watson v. United States*, 493 F.3d 960, 964 (8th Cir. 2007) (citing *Barger v. United States*, 204 F.3d 1180, 1182 (8th Cir. 2000)); *see also Flores-Ortega*, 528 U.S. at 485-86; *cf. Peguero v. United States*, 526 U.S. 23, 28 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit.") (internal citation omitted).

Based on the evidence presented at the hearing, the Court concludes that Movant did not receive ineffective assistance of counsel in violation of his Sixth Amendment rights. Movant testified that he instructed plea counsel to file a notice of appeal following his sentencing. Counsel testified that although he attempted, at Movant's request, to secure a plea agreement providing that Movant would retain the right to appeal the Court's denial of his motion to suppress, the Government would not agree to such an arrangement. Counsel further testified that in his opinion, Movant had no non-frivolous grounds for appeal after he consented to the plea agreement waiving his appellate rights, and that counsel had no recollection of Movant requesting that he file a notice of appeal after he was sentenced. The Court finds counsel's testimony on this point to be more credible, and as a result, the Court concludes that Movant's claim will be denied

---

[1] If the defendant did not expressly request that counsel file an appeal, prejudice is determined based on whether "there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Flores-Ortega*, 528 U.S. at 484.

on the basis that he failed to establish that counsel provided objectively unreasonable professional assistance. The Court further concludes that Movant has not made a substantial showing of the denial of a constitutional right with respect to this claim or any of the other claims asserted in his Motion, as required in order for the Court to issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (explaining that a "substantial showing" is a showing that the "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings") (internal citation omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [doc. #1] is **DENIED**.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any claim raised in Movant's Motion.

Dated this 28th Day of June, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE